The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SYNRAD, INC.<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>OWENS CORNING and ATS OHIO, INC.,<br><br>　　　　　　　　　Defendants. | Civil Case No. 05-CV-01165-JCC<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED, by and between counsel for the Plaintiff and Defendants that the following Order be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.　Each party to this suit producing or disclosing any documents, things, interrogatory answers, deposition testimony, other discovery materials, or information which the producing or disclosing party wishes to be subject to this protective Order (hereinafter "protected subject matter") may designate the same as "CONFIDENTIAL".

2.　With respect to protected subject matter produced or disclosed, all tangible items of protected subject matter so designated must be visibly marked by the producing or disclosing party as "CONFIDENTIAL" to be subject to this Order.  During depositions the

producing or disclosing party may indicate, before or during questioning, the specific portions of the transcript to be designated "CONFIDENTIAL" and/or specific portions of deposition transcripts may be designated "CONFIDENTIAL" by any party if done so in writing to the court reporter and all other parties within thirty (30) days after receiving a copy of the deposition transcript.

3. All protected subject matter designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than persons designated herein and listed in paragraph 4 hereafter; shall be handled by persons designated herein in the manner set forth in this Order; and shall not be used for any purpose other than in connection with this case until such designation is removed, either by agreement of counsel for the parties or by subsequent Order of this Court.

4. Access to protected subject matter shall only be afforded, by the party receiving such matter, to:

(a) This Court, and its staff;

(b) Independent court reporters attending or transcribing depositions in this case;

(c) Executives of the parties genuinely required to participate in decisions with reference to this case;

(d) Other personnel of the parties who genuinely need to be consulted by counsel of record, in the discretion of such counsel, in preparation for the trial of this case;

(e) Any person indicated on the face of a document marked "CONFIDENTIAL" as its originator, author, or recipient;

STIPULATED PROTECTIVE ORDER   2
Civil Case No. 05-CV-01165

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

      (f)    Others who, as witnesses in this action, are believed by counsel of record to need access to and knowledge of protected subject matter in order to provide testimony believed reasonably relevant to issues in this case;

      (g)    Independent experts retained to consult or testify in connection with this case;

      (h)    Counsel of record (including associate attorneys and legal assistants);

      (i)    Clerical and office employees of any of the foregoing; and

      (j)    Any other person upon the prior written consent of the producing party or upon order of the Court.

5.    All persons falling within the description of paragraph 4, subparts (f), (g) and (i) shall, before obtaining access to protected subject matter, be told of this protective Order and personally sign and date a form substantially identical to Schedule "A" annexed to this Order. It shall be the responsibility of the counsel of record who shares protected subject matter with each such person to apprise him or her of this Order, have the person sign a form similar to Schedule "A", and thereafter maintain custody of such signed forms. Counsel shall produce such signed forms upon reasonable request by counsel for the party that produced the protected subject matter concerning persons falling in subparts (c), (d), (f), and testifying experts in subpart (g). Non-testifying experts who would not be subject to disclosure under Fed. R. Civ. P. 26(b)(4)(B) shall be disclosed to the Court *in camera* if a motion is filed suggesting their identity needs to be disclosed to prevent, or redress, a breach of this Order.

6.    Within sixty (60) days of the final termination of this litigation, all "CONFIDENTIAL" materials, all copies thereof, and all summaries of information in them, shall either be returned to the party which produced them or be destroyed by counsel obtaining

STIPULATED PROTECTIVE ORDER   3
Civil Case No. 05-CV-01165

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

them and such destruction shall be certified in writing by the counsel to the counsel producing the documents.

7. All persons receiving "CONFIDENTIAL" material shall be advised of the terms of this Order, and shall agree to comply with the terms as a condition to receiving access to these materials.

8. Any documents containing protected subject matter which are filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of this case, a general description of the contents, and a prominent statement substantially in the following form:

*"THIS DOCUMENT IS SUBJECT TO PROTECTIVE ORDER"*

**This envelope (or container) containing the above-identified papers filed by (name of party), is not to be opened nor the contents thereof displayed or revealed except by Court Order or by express agreement of the parties.**

All such materials so filed shall be maintained by the Clerk of Court separate from the public records in this action and shall be released only upon further Order of the Court. Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any "CONFIDENTIAL" material, except that any such use shall not expand the persons to whom "CONFIDENTIAL" material may be disclosed pursuant to this Order.

9. Neither the taking of any action in accordance with the provisions of this protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The failure to object to a designation at a given time shall not preclude the filing of a motion later challenging the propriety thereof. This Order shall not be construed as a waiver of any right to object to the furnishing of information in

STIPULATED PROTECTIVE ORDER
Civil Case No. 05-CV-01165

4

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

response to discovery and shall not relieve any party of the obligation of producing information in the course of discovery.

10. In the event anyone shall violate or threaten to violate this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against such person, and in the event the aggrieved party shall do so, no respondent person subject to the provisions of this Order shall be permitted to assert that the aggrieved party possesses an adequate remedy at law.  The parties, and any other person subject to the terms of this Order, agree that this Court retains jurisdiction over it and them for the sole purpose of enforcing this Order.

11. Any party, person or entity receiving an item of protected subject matter that has been designated "CONFIDENTIAL" by the producing party may challenge the designation in writing to the producing party.  The challenge must be made in good faith, and good-faith efforts must be made to resolve the dispute concerning the designation and the challenge to it.  Thereafter, if the parties are unable to resolve the designation challenge, either party may move the Court for an order relieving or enforcing the receiving party from restrictions contained in this protective Order.  In the event of such a motion, the receiving party shall have the burden of establishing the need for relief from this Order in the preparation or conduct of its case, the producing party shall have the burden of establishing that the item of protected subject matter genuinely contains information of such a nature as to justify the restrictions from which the receiving party seeks relief. Pending resolution of any such motion, the item involved shall be treated as protected subject matter.

STIPULATED PROTECTIVE ORDER   5
Civil Case No. 05-CV-01165

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
**SEATTLE, WASHINGTON 98101**
**TELEPHONE: 206.262.8900**

12. Notwithstanding any other provisions of this stipulated protective Order, it has no effect upon, and its scope shall not extend to, any party's use of documents from its own files or its own "CONFIDENTIAL" material.

13. Inadvertent production of any document or information without a designation of "CONFIDENTIAL" will not be deemed to waive the party's claim to its confidential nature or estop said party from designating said documents or information as "CONFIDENTIAL" later. Disclosure of said document or information by the other party prior to such later designation shall not be deemed a violation of this stipulated protective Order.

14. Nothing contained in this Order shall be construed as an admission by any party that any document or information designated as "CONFIDENTIAL" material is in fact confidential, propriety, or a trade secret or as a waiver by either party of its right to object to the subject matter of any discovery request made in this action. The execution of this Order shall not be construed as an agreement by either party to produce any documents, supply any information, or permit entry upon land under Rule 34, Fed. R. Civ. P., and shall not constitute an admission that any evidence, including documents, which may exist is relevant in any way to the issues raised in this action or any related action or a waiver of any privilege with respect thereto.

**SO ORDERED:**

Dated: December 1, 2005.

*/s/ John C. Coughenour*

John C. Coughenour
Judge, United States District Court

STIPULATED PROTECTIVE ORDER   6
Civil Case No. 05-CV-01165

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

1  /

STIPULATED PROTECTIVE ORDER        7
Civil Case No. 05-CV-01165

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
SEATTLE, WASHINGTON **98101**
**TELEPHONE: 206.262.8900**

Presented by:

| /s ERIC A. PRAGER | /s ROBERT J. ADOLPH |
|---|---|
| Eric A. Prager, WSBA No. 34923 | Robert J. Adolph, WSBA No. 4788 |
| Heather C. Wilde, *pro hac vice* | ADOLPH & GAMACHE P.S. |
| DARBY & DARBY P.C. | 701 Fifth Avenue, Suite 7100 |
| 1191 Second Avenue | Seattle, WA 98104 |
| Seattle, WA 98101 | Tel: 206.621.7900 |
| Tel.: 206.262.8900 | Fax: 206.682.3203 |
| Fax: 206.262.8901 | Email: rjadolph@adolphlaw.com |
| Email: eprager@darbylaw.com | |
| hwilde@darbylaw.com | Timothy J. Boone |
| *Attorney for Plaintiff Synrad, Inc.* | TIMOTHY J. BOONE CO., LPA |
| | 1349 East Broad Street, 2nd Floor |
| | Columbus, OH 43205 |
| | Tel.: 614.228.0200 |
| | Fax: 614.358.9814 |
| | Email: cowboy@justice-law.net |
| | *Attorneys for Defendant Owens Corning* |

| /s JAMES L. PHILLIPS | /s STEPHEN C. GRAY |
|---|---|
| James L. Phillips, WSBA No. 13186 | Stephen C. Gray, *pro hac vice* |
| MILLER NASH LLP | BRICKER & ECKLER, LLP |
| 4400 Two Union Square | 100 South Third Street |
| 601 Union Street | Columbus, OH 43215 |
| Seattle, WA 98101 | Tel.: 614.227.2300 |
| Tel: 206.777.7422 | Fax: 614.227.2390 |
| Fax: 206.622.7485 | Email: sgray@bricker.com |
| Email: james.phillips@millernash.com | *Attorneys for Defendant ATS Ohio, Inc.* |
| *Attorneys for Defendant ATS Ohio, Inc.* | |

STIPULATED PROTECTIVE ORDER
Civil Case No. 05-CV-01165

8

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
**SEATTLE, WASHINGTON 98101**
**TELEPHONE: 206.262.8900**

# SCHEDULE "A"

The undersigned has read the attached Stipulated Protective Order in the case captioned ***Synrad v. Owens Corning and ATS Ohio, Inc.***, No. 05-CV-01165-JCC, United States District Court for the Western District of Washington, filed on June 27, 2005, and hereby agrees strictly and in good faith to be bound by all the terms and provisions that Order.

| Name and Address | Job Title and Employer | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | | |
| _____ | | |
| _____ | _____ | _____ |
| _____ | | |
| _____ | | |
| _____ | _____ | _____ |
| _____ | | |
| _____ | | |
| _____ | _____ | _____ |
| _____ | | |
| _____ | | |

STIPULATED PROTECTIVE ORDER  9
Civil Case No. 05-CV-01165

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900